UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION 5:05CV149–EHJ

CYNTHIA CARTER                                                                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                     DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon plaintiff Cynthia Carter's objections to the proposed Report and Recommendation of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed Report and Recommendation of the magistrate should be adopted, and the Decision of the Commissioner affirmed.

Ms. Carter filed the present application for Disability Insurance Benefits on November 21, 2002, alleging that she became disabled on August 1, 2001 as a result of difficulties with her nerves, a herniated disc at T11-12, degenerative disc/joint disease, diabetes and migraine headaches (Tr. 140). After a hearing on March 10, 2004, Administrative Law Judge James Craig ("ALJ") found that Ms. Carter has severe impairments including cervical disc herniation/status post cervical fusion, degenerative disc disease of the lumbar spine, bilateral shoulder tendonitis worse on the non-dominant left, diabetes mellitus – well controlled, affective disorder, borderline intellectual functioning and a somatoform disorder (Tr. 21). The ALJ found that these impairments are severe, but do not meet or medically equal listed impairments. The ALJ found a closed period of disability from August 1, 2001 to March 30, 2003 due to her cervical injury, surgery and recovery time (Tr. 26). Following the recuperation period, she was deemed to have experienced medical improvement

and though unable to return to her past relevant work, she retains the residual functional capacity to perform a range of light work (Tr. 33).

The claimant appealed the ALJ's Decision to this Court, and the Magistrate Judge has recommended that the Commissioner's Decision be upheld. The plaintiff has filed objections to the Magistrate's report, arguing that the ALJ failed to properly consider whether she meets Listing 12.05(C). In support, plaintiff argues that the extent of her mental impairment was not known until a post-hearing consultative psychological examination was performed by Dr. Bruce Amble which assessed her with a full scale IQ score of 70 and a mental age of 10 years and 7 months. Plaintiff claims that the ALJ did not sufficiently consider whether she satisfies the listing and also failed to consider the vocational impact of those findings. She claims at a minimum she should have the opportunity to present evidence addressing the factors of the listing and the vocational relevance of these post hearing findings. The Court rejects this argument, as plaintiff was given the opportunity to comment on the report of Dr. Amble as well as to submit additional evidence, but declined to do so. See May 5, 2004 letter from plaintiff's counsel to ALJ James Craig at Tr. 188. While the Court agrees that the ALJ failed to specifically go through each requirement of Listing 12.05(C) in his Decision, his failure to do so was at most harmless error.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned. The Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

A Judgment in conformity has this day entered.